## BURTON *v.* THE TOWN OF KOSHKONONG.

*(Circuit Court, W. D. Wisconsin.* ——, 1880.)

1. STATUTE OF LIMITATIONS — COUPON ATTACHED TO BOND.—A bond, dated January 1, 1857, provided for the payment of interest semi-annually until the principal was paid. Coupons for such semi-annual interest were attached to the bond. *Held*, in an action upon such bond, in the state of Wisconsin, that the statute of limitations had no application to the coupons falling due more than six years previous to the commencement of such action.

   *Amy* v. *Dubuque*, 98 U. S. 470, and *Clarke* v. *Iowa City*, 20 Wall. 583, distinguished.

2. COUPONS ATTACHED TO BOND — INTEREST UPON INTEREST.—*Held*, *further*, that under the laws of the state of Wisconsin, as they existed at the time the bond was executed, all coupons attached to such bond should bear interest at the rate of 7 per cent. from the time they were due.

   *Miller* v. *Jefferson*, 20 Wis. 54.

3. CONTRACT—OBLIGATION—REMEDY.—Any change in the remedy which practically cuts off a portion of the cause of action, or renders the contract of less available worth, is as much within the constitutional prohibition as a law which strikes directly at the contract itself.

   *Edwards* v. *Kearszly*, 96 U. S. 595.

——, for plaintiff.

——, for defendant.

BUNN, D. J. This action came on for trial at the present term before the court, a jury trial having been waived by stipulation. The action is upon two railroad bonds, for $1,000 each, dated January 1, 1857, issued by the defendant town to the Chicago, St. Paul & Fond du Lac Railroad Company, payable in 20 years, with 8 per cent. interest semi-annually until the principal is paid. Coupons for the semi-annual interest are attached to the bond, the first two only of which have been paid. The defendant pleads the statute of limitations to all those coupons falling due more than six years previous to the commencement of the action. The case is submitted upon the complaint and answer, and there are two questions to be decided—*First*, is the plea of the statute of limitations good? *Second*, is the plaintiff entitled to recover, under the laws of Wisconsin, interest upon the

interest represented by the coupons from the time of falling due?

Upon the first question, I think, the suit being upon the bonds themselves, which in the body thereof provide for the payment of interest semi-annually until paid, the statute of limitations has no application to the case. The object of attaching warrants for the payment of the interest as it falls due, is to give commercial character and value to the bonds, by enabling the holder to detach them for presentation and payment when due, or to sell them as commercial paper before due; or, if not paid when due, to enable the holder thereof to bring a separate action to recover the amount represented by them. It is a mere matter of commercial convenience. They are part and parcel of the bond itself until detached therefrom, or separate suit brought upon them. If relied upon as an independent cause of action, and a separate suit is brought upon them, undoubtedly, the six-year statute of limitations might be pleaded. *Amy* v. *Dubuque*, 98 U. S. 470. But the holder is not compelled to bring separate suit upon the coupon, but it is optional with him to do so, or wait until his bond falls due, as in this case, and then sue for principal and interest, basing his action upon the bond, and not upon the coupons, or upon the bond and coupons as constituting one entire cause of action. It seems to me this holding is entirely consistent with the case of *Amy* v. *Dubuque*, above referred to, and *Clark* v. *Iowa City*, 20 Wall. 583.

Suppose no coupons had been executed, and the bond had provided, as this now does, for the payment of interest semi-annually, the rule would be just the same. An action might be maintained every six months to recover the interest if not paid. But no one would suppose it to be *necessary* to bring such action in order to prevent the statute from running upon the interest, or that it would not be optional with the holder to wait until the bond fell due and recover principal and interest for the entire time. If there were no provision in the body of the bond itself for the payment of semi-annual interest, and the plaintiff had to rely upon the coupons, the case would be different.

The other question I think, upon careful consideration, must also be resolved in favor of the plaintiff. The question, like that of the statute of limitations, is one of local law. See *Amy* v. *Dubuque*, 98 U. S. 470; *Cromwell* v. *County of Sac*, 96 U. S. 51.

The supreme court of Wisconsin, in *Mills* v. *Jefferson*, 20 Wis. 54, gave a construction to the interest law theretofore in force, and at the time of the issuing of these bonds in force in that state. By that decision these coupons drew interest, at the legal rate of 7 per cent., from the time due; not because coupons for the interest were given, but on the ground that, the interest being due and not paid, it draws interest, like any other debt that is overdue, when no interest is expressly stipulated. This decision was made in 1865.

It may be that the weight of authority upon this question generally is the other way. Certain it is that the authorities are divided. But such was the law of this state when these bonds were made, and until chapter 60, Sess. Laws 1868, was enacted. It is claimed that this statute has changed the rule even as to contracts existing at the time of its passage. Section 1 is as follows:

"It was and is the true intent and meaning of sections 1 and 2 of chapter 160 of the General Laws passed in the year 1859, and of all other laws heretofore enacted in this state prescribing and limiting the rate of interest, that interest should not be compounded or bear interest upon interest unless an agreement to that effect was clearly expressed in writing and signed by the party to be charged therewith."

Section 2 is as follows: "Section 2 of chapter 160 of the General Laws of 1859 is hereby amended by adding thereto the following: And in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded; nor shall the interest thereon be construed to bear interest."

By the Revised Statutes of 1878 the following provision takes the place of this statute:

"Section 1689. * * * * And in the computation of

interest upon any bond, note, or other instrument or agree-ment, interest shall not be compounded; nor shall the inter-est thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith."

It should not be inferred that it was intended either of these statutes should apply to contracts already made, unless such a construction be unavoidable. The legislature may enact new laws or amend old ones for the government of the people in the future, but it cannot put a construction upon laws already existing, and give to such construction a retroactive effect, so as to overturn a settled interpretation given by the court. And to undertake it is to simply confound the legisla-tive with the judicial function. Cooley's Constitutional Lim-itations, 93–6; *Reiser* v. *William Tell*, 39 Pa. St. 137; *People* v. *Bd. Sup'rs of New York*, 16 N. Y. 431; *Salters* v. *Tobias*, 3 Paige, 338.

But suppose the first section of chapter 60 be taken as evidence of an intent on the part of the legislature to make the prohibition against reckoning interest upon interest apply to past contracts, the question arises, does the law impair the obligation of the contract, or does it merely affect the ques-tion of the measure of damages which is part of the remedy?

A judgment rendered in New York, which by the law there draws 7 per cent., if sued over in Massachusetts, where the rate is 6 per cent., only 6 per cent. will be allowed as dam-ages. *Barringer* v. *King*, 5 Gray, 9.

So, if a note given in New York drawing 7 per cent. before and after due is sued in Massachusetts, 7 per cent. will be allowed up to the time the note falls due as interest, accord-ing to the law of the place where the contract is made, and 6 per cent. after due as the measure of damages in Massa-chusetts. So in other states interest is recovered upon a contract after due, not as interest by force of the contract, but as damages. But, whatever the rule may be elsewhere, it has always been in Wisconsin that interest is recoverable upon a contratct providing for interest until due at the same

rate after as before due, upon the ground of an implied contract, and that such is the implied agreement and understanding of the parties.   See *Spencer* v. *Maxfield,* 16 Wis. 178.

If interest after due is recoverable on the ground of an implied contract, then such implied contract comes as surely within the protection of the constitutional provision as though the contract were express.   During the first 11 years of the life of these bonds, to-wit, from 1857 to 1868, the undoubted law of the state was that interest should be recovered upon the coupons overdue, so that if this suit could have been brought in 1868, before the passage of this statute, the plaintiff must have recovered according to that law.   Now, suppose we say that the statute affects the remedy merely, does it not affect it in so substantial a manner as to be equivalent to an impairment of the contract?

I think it must be conceded that it cuts off a material portion of his cause of action, as it makes a difference of between one and two thousand dollars whether interest be reckoned according to the law in force when the contract was made, or that in force when the trial is had.   The distinction between impairing the obligation of the contract and changing the remedy is very misleading, unless its operation be confined where it belongs, within very narrow limits.   I take it that any change in the remedy which practically cuts off a portion of the cause of action, or renders the contract of less available worth, is as much within the constitutional prohibition as a law which strikes directly at the contract itself.   Otherwise it would always be in the power of a state legislature to practically nullify this great constitutional guaranty.

The remedy existing at the time the contract is made, as entering into the contemplation of the parties at that time, is part of the obligation of the contract, and it should be no more in the power of the legislature to impair that in such a way as to render the contract of less value, than it is to impair the contract itself.   See *Edwards* v. *Kearszey,* 96 U. S. 595.

But I think the statute, if made to apply to past contracts, clearly impairs the obligation of the contract itself.   But, as

I said, a construction making these statutes apply to contracts made before their passage should not be adopted unless necessary, and whatever may be said of chapter 60, Laws of 1868, it is no longer in force, having been repealed by the Revised Statutes of 1878, which substitutes the other provision above referred to in its place; and as to the last provision, which is now in force, though the language is general enough to apply to all contracts, if such a construction would not render the law unconstitutional, it should, I think, in view of this consideration, if no other, be held to apply only to contracts executed after its passage; and such I hold to be the proper construction.

The plaintiff will be entitled to judgment for the principal of the two bonds, and the amount named in the unpaid coupons thereto attached, with interest at 8 per cent. upon the principal from January 1, 1877, the time the bonds fell due, and with interest at 7 per cent. upon the unpaid coupons from the time they severally fell due.