# KERSHAW *v.* TOWN OF HANCOCK.

(*Circuit Court, N. D. New York.* November 4, 1880.)

1. STATUTE OF LIMITATIONS.

    Coupons detached from bonds are substantially copies of and partake of the nature of the bonds from which they are detached, and the statute of limitations which applies to them is the one which relates to sealed instruments. Hence they are not barred by lapse of time short of 20 years.

*E. B. Thomas,* for plaintiff.

*Wm. Gleason,* for defendant.

WALLACE, D. J. The defendant has pleaded the six years' statute of limitations, and insists upon it as a defence to the coupons upon which the action is brought. These coupons were originally attached to bonds; but, after being detached, were sold to the plaintiff, and

more than six years elapsed after their maturity before the action was brought. By the Code of Civil Procedure of this state actions upon "a contract, obligation, or liability, express or implied, except a judgment or sealed instrument," must be brought within six years after the cause of action has accrued; but actions upon sealed instruments may be brought within twenty years. The question is, which of these limitations applies to the coupons?

As a coupon has all the attributes of negotiable paper and may be recovered on by a *bona fide* holder, although the bond itself may have been paid or cancelled, it would seem anomalous, upon first impression, to hold that it is to be deemed a specialty for the purposes of the statute of limitations. But the question is not an open one in this court, in the absence of any decisions of the state court in construction of the statute of limitations, and in view of the decisions of the supreme court of the United States. The cases of *City* v. *Lamson*, 9 Wall. 477; *City of Lexington* v. *Butler*, 14 Wall. 282; *Clark* v. *Iowa City*, 20 Wall. 583; and *Amy* v. *Dubuque*, 98 U. S. 470, are decisive to the effect that the statute of limitations which applies is the one which relates to sealed instruments. These cases hold that coupons are substantially copies of the bond, in respect to the interest, and are given to the holder of the bond for the purpose of enabling him to collect the interest, at the time and place mentioned, without the trouble of presenting the bond every time the interest becomes due, and to enable him to realize the interest by negotiating the coupons in business transactions; and that the coupons partake of the nature of the bonds, which are of higher security than the coupons, and are not barred by lapse of time short of 20 years.

Judgment is ordered for the plaintiff.