CHARLES E. GOODWIN *vs.* CITY OF BATH.

York.   Opinion August 6, 1885.

*Municipal bonds.   Coupons.   Discrepancy.*

In case of a discrepancy in the amount of interest named in a bond and coupon attached, the amount named in the bond controls.

The holder of such coupon, after its severance from the bond, cannot recover

the sum named in the coupon, if larger than that named in the bond as the interest, without showing that he or some prior holder of the severed coupon, acquired the same in good faith, before maturity and without notice of the error.

ON report of facts agreed.

Assumpsit on the following coupon :

> **CITY OF BATH**
>
> **BOND No. 77**          **LOAN**          **COUPON No. 44**
>
> THE CITY OF BATH will pay Thirty Dollars on this Coupon on the 1 day of *Jan'y, 1883*, in Boston.
>
> $ 3.                    A. R. MITCHELL, Treasurer

The plaintiff was cashier of the Biddeford National bank, and received the coupon from a stranger across the bank counter and paid thirty dollars for it. He noticed at that time the figures "$3." upon the lower left hand corner, but relied upon the printed word "Thirty" in the body of the coupon, as indicating the true amount payable thereon. He had no other notice of any error in the amount actually payable thereon. Other material facts stated in the opinion.

*W. F. Lunt*, for the plaintiff.

*Francis Adams*, for the defendant.

EMERY, J. The writing declared upon in this suit is a coupon for the forty-fourth installment of interest upon a bond for one hundred dollars issued by the defendant city. It is not the original contract for the interest. The original, fundamental undertaking to pay the interest, is found in the bond itself. The bond expresses the original real contract for both principal and interest. The coupon is an incident of the bond. It is of the nature of a check or ticket for the interest. It is issued rather for convenience, than to express the original obligation to pay interest. It is designed to pass from hand to hand, like a baggage check, and the lawful holder is entitled to the interest it represents. When taken up, it is a convenient voucher for the officer paying the interest. It represents that interest promised in the bond, and no other nor different interest.

*Arents* v. *Commonwealth*, 18 Gratt. 764; *City* v. *Lamson*, 9 Wall. 482; *McCoy* v. *Washington County*, 7 Am. Law Reg. 196, cited in 4 Myers, Fed. Dec. 876.

So clearly is the coupon an incident of the bond, and not an original, independent undertaking, that actions upon it, though it be without seal, are not barred by any lapse of time, short of that required to bar an action upon the bond itself. The coupon draws its life from the bond, lives as long as the bond, and dies with the bond. *Clark* v. *Iowa City*, 20 Wall. 583.

In this case, the city of Bath was authorized to issue its obligations, " with coupons for interest attached, payable semi-annually. " Special laws of 1860, chap. 450, § 2. In the one hundred dollar bond to which this coupon was attached, the stipulation was to pay six per cent interest, which would make the forty-fourth installment one for three dollars only. At the time of the issue of this bond, the statute against usury was in force. The city could not lawfully stipulate in the bond for more interest, nor lawfully attach to the bond a coupon for more. The sum of three dollars, the amount of the installment promised in the bond, is what the lawful holder of the coupon is entitled to, and is as much as the city was authorized to pay, or to promise to pay.

The plaintiff, however, urges that whatever may be the nature of the coupon while attached to the bond, when it is separated from the bond, it becomes a separate and a negotiable instrument.

This coupon was separated from the bond when purchased by the plaintiff, and he claims that he, as the holder of the separated coupon, is not affected by any mistakes or excess of authority in the issue, but can recover the sum named in the coupon, whatever was the sum promised in the bond.

The case, as made up by the mutual admissions, without any objection to their legal admissibility, shows that there was not a full consideration for such a coupon, and that the coupon was issued by mistake for a sum larger than that authorized by law and by the terms of the bond. Such facts legally appearing, it is incumbent on the holder, if he would avoid them, to show that he, or some prior holder, whose rights he has succeeded to,

acquired the coupon in good faith, before maturity, and without notice of the true state of affairs. *Roberts* v. *Lane*, 64 Maine, 111. Does the case show this? The bond with coupon attached was delivered to the Androscoggin Railroad Company, by whom it was put on the market. That company, holding both bond and coupon, must be held to have known the discrepancy, and to have known the true amount of the forty-fourth installment of interest. Every subsequent holder of both bond and coupon, would be chargeable with similar notice. There is no evidence of any separate ownership of coupon from bond, until the plaintiff acquired the coupon. There is a presumption that there was no such severance, and that the holder of the coupon was also owner of the bond. *McCoy* v. *Washington County*, 3 Wall. jr. C. C. 381; *Deming* v. *Houlton*, 64 Maine, 261. The plaintiff, the first one shown to have a separate ownership of the coupon, acquired it *after* maturity, on January 10th. From the facts stated, there is no evidence nor presumption that the plaintiff, or any prior holder, acquired the coupon, both before maturity and without notice. Whatever be the negotiable nature or immunities of the coupon, the plaintiff is not in a situation to invoke them. The coupon, upon its face, shows that it was a ticket for the forty-fourth installment of interest due on bond No. 77, which installment was three dollars. There is in the writ a general omnibus money count, broad enough to include the plaintiff's claim for that installment. He can not recover the amount named in the coupon. He can recover the amount named in the bond. He only claims interest upon the installment from the date of his demand, January 15.

> *Judgment for plaintiff for three dollars with interest from January 10th, 1883.*

PETERS, C. J., LIBBEY, WALTON, VIRGIN and HASKELL, JJ., concurred.