## HUEY v. MACON COUNTY.

### JONES v. SAME.

*(Circuit Court, E. D. Missouri, N. D.* May 28, 1888.)

1. **RAILROAD COMPANIES—MUNICIPAL BONDS—ACTIONS ON BONDS—PLEADING—VARIANCE.**

    Where an allegation in an action on county bonds in aid of a railroad is that the bonds were bought in reliance upon the general railroad law, and that it was in force when the bonds were issued, and the proof is that the bonds were issued under a prior special act, there is no variance.

2. **SAME.**

    Where the proof shows that the county court had power to issue the bonds under any law, a variance between the allegations and the proof, as to the particular law under which the bonds were issued, is immaterial; it being the duty of the court to allow the pleadings to be amended to conform to the proof.

3. **SAME—COUPONS—LIMITATION OF ACTION.**

    Where a county issues railroad bonds, the coupons thereto attached are subject .to the same period of limitation as the bonds, and, that time having elapsed from the date of the maturity of the coupons, they are barred, although not detached from the bonds.

4. **SAME—INTEREST ON COUPONS.**

    Coupons bear interest from the date of their maturity; and in an action thereon in Missouri coupons payable out of the state will be allowed the same rate of interest as those payable in the state, no proof of the rate of interest in the foreign state being offered.

At Law.

Action by John E. Huey against Macon county, and by Joseph E. Jones against same, upon railroad bonds and coupons issued by defendant.

*Sanders & Bowers,* for plaintiffs.

*R. G. Mitchell* and *Guthrie & Dysart,* for defendant.

THAYER, J.   In these cases plaintiffs are entitled to a judgment on the bonds by them severally sued upon, and on all the coupons except coupons Nos. 6, 7, and 8, attached to each of bonds Nos. 3, 12, 13 and 14.

1. The only defense affecting all of the causes of action is that of a variance between the proof and allegations.   It is claimed that the respective plaintiffs have alleged that the bonds in suit were issued under section 17 of the general railroad law, in force in the year 1866, whereas it is contended that the proof shows that the bonds were issued under the thirteenth section of a special act, approved February 20, 1865, to incorporate the Missouri & Mississippi Railroad.   The defense cannot prevail, for two reasons: *First.* Because there is no variance.   The declaration does not aver that the bonds were issued under the general railroad law.   The allegation is that "plaintiffs bought the bonds in reliance upon that law, and that it was in force when the bonds were issued." Other portions of the declaration, however, show that the bonds were issued under the special act of February 20, 1865.   *Second.* But even if there was a variance of the kind supposed, (that is to say, a failure to state accurately the particular law under which the county court derived

v.35F.no.7—31

its power to make the subscription,) the variance could not be regarded as material.   If the proof showed (as it does in this case) that power existed under any law to make the subscription and issue the bonds, it would be the duty of the court to allow the pleadings to be amended to conform to the proof.   Such leave is not necessary, however, in this case, as the declaration in effect shows that the county court acted under the special law of February 20, 1865.   To cover any possible doubt on the subject, the court will insert a finding in the judgment that the bonds were issued under the special act last mentioned.   Such is the proof, and such is also the allegation.

2. The plea of the statute of limitations in the case of *Hucy* v. *Macon County* is sustained as to coupons 6, 7, and 8, maturing February 1st in the years 1875, 1876, and 1877, on each of bonds Nos. 3, 12, 13, and 14.   Judgment for defendant will therefore be entered on the counts embracing those coupons.   It is settled by the decision in *Amy* v. *Dubuque*, 98 U. S. 470, that the statute of limitations begins to run against coupons of municipal bonds from the time they mature; although they remain attached to the bonds.   In the two cases of *City* v. *Lamson*, 9 Wall. 482, and *City of Lexington* v. *Butler*, 14 Wall. 296, it was held that a suit on coupons will be barred by the same period that bars an action on the bonds to which they are attached.   It was not held in either of those cases, however, (as defendant's counsel seems to suppose,) that the statute of limitations is suspended, in so far as it affects coupons, and will not run until the bond matures.   That view was expressly disapproved in *Clark* v. *Iowa City*, 20 Wall. 583, and *Amy* v. *Dubuque*, 98 U. S. 474.   When the same period of time has elapsed after the maturity of a coupon that will bar an action on the bond, the coupon is barred. In this instance 10 years have elapsed since the maturity of some of the coupons, and, as that period is sufficient to bar an action on the bonds, the coupons above mentioned are barred.

3. The questions relating to interest, which have been discussed in these cases, are equally well settled.   Coupons bear interest from the day when they are payable, even though no demand for payment is made on that day.   *Gelpcke* v. *Dubuque*, 1 Wall. 206; *Aurora City* v. *West*, 7 Wall. 105; *Town of Genoa* v. *Woodruff*, 92 U. S. 502; *Walnut* v. *Wade*, 103 U. S. 696.   The contract evidenced by a coupon is so far separate from the contract evidenced by the bond to which it is attached, that it may be barred by limitation before the bond matures.   The holder of such contracts should accordingly be allowed interest for money due thereon from the time it becomes payable.   In making up the judgment, interest will be allowed on all the coupons from maturity to the date of judgment, at the rate of 6 per cent. per annum, and the judgment will thereafter bear interest at the same rate.   No distinction in this regard will be made between coupons payable in New York and those payable in St. Louis, as the rate of interest in New York was not proven.   Interest on the bonds will be computed after maturity at the same rate borne before maturity, and the judgment will bear the same rate of interest from the date of entry.