## HOWARD v. BATES COUNTY.

(*Circuit Court, W. D. Missouri, W. D.* September 1, 1890.)

CIRCUIT COURTS—JURISDICTIONAL AMOUNT—INTEREST.

In an action on county bonds and the interest coupons thereto attached, the coupons constitute "interest" within Act Cong. March 3, 1887, as amended August 13, 1888, providing that the United States circuit courts shall have jurisdiction in certain cases where the amount in dispute exceeds $2,000 exclusive of "interest" and costs.

At Law. Demurrer to petition.

*T. K. Skinker*, for plaintiff.
*Gates & Wallace* and *John F. Smith*, for defendant.

PHILIPS, J. The petition counts on two bonds of $1,000 each, past due, issued by the defendant county on behalf of Mount Pleasant township in said county, in part payment of a subscription by said township to the capital stock of the Lexington, Chillicothe & Gulf Railroad Company. The petition alleges that said bonds provided for interest from the 18th day of January, 1871, at the rate of 10 per cent. per annum, said interest to be payable annually on the presentation and delivery at the designated bank of the coupons to said bonds attached; "that attached to each of said bonds were coupons for interest, to accrue as aforesaid, by each of which said coupons the said county acknowledged to owe and promised to pay to bearer the sum of $100 on the 18th day of January of the year named in said coupon." The petition alleges that plaintiff is the holder and owner of said two bonds and the coupons thereto attached, and prays judgment thereon. To this petition the defendant demurs, on the ground that this court has not jurisdiction of the subject-matter of the action for the reason that it appears from the petition that the matter in dispute does not exceed, exclusive of interest and costs, the sum of $2,000. By the act of congress of March 3, 1887, amended August 13, 1888, to give this court jurisdiction, the subject-matter in dispute must exceed, "exclusive of interest and costs, the sum or value of two thousand dollars." As the principal of the bonds amounts to only $2,000, it is apparent that to give the court jurisdiction the amount of the interest coupons must be added to the principal of the bonds. The question presented is, is there anything in the character of the coupons to except them from the designation of "interest" as employed in the statute? "Interest is compensation for the use of money for its detention." *Borders* v. *Barber*, 81 Mo. 646. "It is the compensation which is paid by the borrower of money to the lender for its use, and generally by the debtor to his creditor in recompense for his detention of the debt." *Bouvier.* Without some special reason appearing to the contrary, we must assume that the legislature employed the term "interest" in its usual acceptation. The petition declares that bonds—the principal debt—were to bear interest at the rate of 10 per cent. per annum. Instead of being expressed in the ordinary way in the face of the bond or note, the interest here is in the form of coupons attached to the bond. No question, presumably, would be made that, if the bond had contained the usual recitation, "with interest at the rate of ten per cent., payable annually," etc., the interest could be added to the principal of the debt in order to bring the matter in dispute above $2,000. In that case jurisdiction would arise upon the principal sum of the bond or note. Is it any less interest because it takes the form of a coupon? "The term 'coupon' is derived from the French,—'*couper*,' to cut; and it is defined by Worcester to signify one of the interest certificates attached to transferable bonds, and of which there are usually as many as there are payments to be made; so called because it is cut off when it is pre-

sented for payment." 2 Daniel, Neg. Inst. § 1489. And in the preceding section this same author says: "The contract between the payor and the holder is contained in the bond, but the coupons are furnished as convenient instruments to enable the holder to collect interest without presenting the bond by separating and presenting the proper coupon." So in *Everetsen* v. *Bank*, 4 Hun, 692, it is said: "Coupons are substantially a minute repetition of what is contained in some concise terms in the bond." It is in recognition of the idea that coupons are the incident to the principal debt, and still adhere to it as interest, that the court holds the same statute of limitation applies to the coupon as to the bond itself. In *City* v. *Lamson*, 9 Wall. 483, Mr. Justice NELSON said:

"The coupon is not an independent instrument, like a promissory note for a sum of money, but is given for interest thereafter to become due upon the bond, which interest is parcel of the bond, and partakes of its nature; and the bond, being of a higher security than a simple contract debt, is not barred by lapse of time short of twenty years; and, as we have seen, this contemporaneous coupon does not operate as an extinguishment of the interest, unless there has been an express agreement to that effect. These coupons are substantially but copies from the body of the bond, in respect to the interest, and, as is well known, are given to the holder of the bond for the purpose—*First*, of enabling him to collect the interest at the time and place mentioned without the trouble of presenting the bond every time it becomes due; and, *second*, to enable the holder to realize the interest due, or to become due, by negotiating the coupons to the bearer in business transactions, on whom the duty of collecting them devolves. * * * There was but one contract, and that evidenced by the bond, which covenanted to pay the bearer five hundred dollars in twenty years, with semi-annual interest at the rate of ten per cent. per annum. The bearer has the same security for the interest that he has for the principal. The coupon is simply a mode agreed on between the parties for the convenience of the holder in collecting the interest as it becomes due."

While, therefore, to meet the constantly widening demands of commerce and municipal development, such coupons perform new and important functions in commercial transactions, they are in their legal essence no less interest, the product of the use for money borrowed, than if incorporated alone in the body of the bond itself.

So far from discovering anything connected with the history of the act of March 3, 1887, indicating that congress did not employ the word "interest" as a generic term in its most comprehensive sense, the design of the judiciary act in question, in contradistinction of its predecessors, is to restrict the jurisdiction of the federal courts. In Dillon's Removal of Causes, (5th Ed.) § 94, p. 104, he says:

"Under the act of 1875 it was held that it was sufficient if the amount in dispute exceeded five hundred dollars at the time when the right of removal accrued and was applied for, and that interest—when the right thereto existed and was claimed—might be regarded in determining the amount or value in controversy. To remedy this the act of 1887 specifically provides that the amount in dispute must exceed two thousand dollars 'exclusive of interest and costs.' So that interest can no longer be computed in making up the necessary amount."

It is the duty of courts, in applying such a statute, even where the language is inexplicit, to give it such construction as will effectuate the legislative will.

The fact that the coupon after maturity may or may not bear interest, or the further fact that the coupon may be cut from the bond, and, after maturity, be sued upon separately as a negotiable instrument, cannot affect its character as interest when sued upon in connection with the bond to which it is attached. In the instance of a simple promissory note providing for annual payments of interest an action will lie for the recovery of each annual accrued interest, independent of the right to sue for the principal debt. *Stoner* v. *Evans*, 38 Mo. 461. But if the holder of such a note should not sue thereon until the maturity of the principal debt, there could be heard no debate on the proposition that under the federal statute in question the jurisdiction of the court should not be determined by the amount of the principal debt. It is a *non sequitur*, as contended by the learned counsel for plaintiff, that if this demurrer be sustained it results "that no decision on the validity of municipal bonds could ever be had in a federal court until the bonds themselves had matured; and in many cases a large part of the coupons would in the mean time be barred by limitation." The position maintained upon the opinion in *City* v. *Lamson*, *supra*, that the coupons "are substantially but copies from the body of the bond in respect to the interest,"—that there is "but one contract  *  *  *  evidenced by the bond,"—necessarily contains the further proposition that, in an action concerning the validity of the coupon, the validity of the bond itself is involved. And, of consequence, an adjudication on the coupon would conclude any controversy as to the validity or invalidity of the bond, in an action between the same parties on the same issues of fact. *Cromwell* v. *County of Sac*, 94 U. S. 359. Nothing said or decided here has any reference to the right to supplement the principal amount of the bond with coupons owned by the suitor representing interest on some other bond in order to give jurisdiction to the federal courts. It follows that the demurrer is sustained.