PRESCOTT v. WILLIAMSPORT & N. B. R. CO. et al.

(Circuit Court, E. D. Pennsylvania. February 11, 1908.)

No. 24.

1. LOST INSTRUMENTS—ACTIONS ON—EQUITY JURISDICTION.

Equity courts have jurisdiction to establish lost instruments, not being deprived thereof because law courts have assumed or have been given by statute the same jurisdiction. They have jurisdiction especially in cases of negotiable instruments lost before maturity, and, upon assuming jurisdiction, complete relief will be afforded, even to the extent of authorizing a recovery for principal and interest, upon the execution of an indemnity to secure defendant against further liability.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Lost Instruments, § 29.]

2. BONDS—"SPECIALTY" DEFINED.

A "specialty" is a bond, or the coupon originally attached to it, though the latter be unsealed and detached for the purpose of demand of payment and action.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 7, pp. 6597–6598; vol. 8, p. 7803.]

3. LIMITATION OF ACTIONS—SUIT ON BOND COUPONS.

A suit on bond coupons is governed by the statute of limitations applicable to sealed instruments, and not that applicable to simple contract debts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 104, 108–111.]

4. LOST INSTRUMENTS—BONDS—RIGHT TO RECOVER ON—INDEMNITY.

Recovery may be had on lost bonds without their production; defendant being properly protected by the entry of an indemnity bond against future liability.

[Ed. Note.—For case in point, see Cent. Dig. vol. 33, Lost Instruments, §§ 41–45.]

5. BONDS—SUIT ON BEFORE MATURITY—RIGHT TO BRING.

Where, before maturity, a total bond issue, excepting eight lost bonds owned by complainant, has been paid off or exchanged for other bonds, and the mortgage securing the issue has been satisfied, complainant may recover on his bonds, though on their face they are not due; the destruction of complainant's security by the satisfaction of the mortgage being, in effect, a declaration by the obligor and the trustee that they elected to regard the bonds due and stood ready to pay to them, in which complainant could acquiesce.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 8, Bonds, § 134.]

6. LOST INSTRUMENTS—RECOVERY ON—INTEREST—OVERDUE COUPONS.

In a suit to recover on lost bonds, complainant cannot recover interest on overdue coupons which were not presented for payment and which became overdue because complainant's agent negligently lost them, where so far as the record shows defendants were ready and willing to pay the interest when it was due.

In Equity.

Francis Rawle, for complainant.

J. W. Bayard and J. G. Johnson, for respondent.

HOLLAND, District Judge. This is a bill in equity filed for the purpose of recovering the principal and interest of eight bonds, each for $1,000, which were lost on the 5th day of November, 1884, together with all the coupons attached, including those due May 1, 1885. Answers were filed by both defendants, to which the complainant replied. From the pleadings and proofs we gather the following facts:

On or about the 1st day of November, 1882, the Williamsport & North Branch Railroad Company executed and delivered a certain indenture of mortgage upon its railroad and property to the Fidelity Trust Company (then called the Fidelity Insurance, Trust & Safe Deposit Company) in trust to secure the payment of an issue of 1,000 bonds of the Williamsport & North Branch Railroad Company, of the denomination of $1,000 each. It was duly recorded in Lycoming county, Pa., in Mortgage Book No. 13, page 392. The bonds were issued November 1, 1882, and were made payable on the 1st day of November, 1912, with interest thereon at the rate of 6 per cent. per annum,

payable semiannually, in two payments, on the 1st day of May and November of every year until maturity, upon the surrender of the respective interest coupons attached thereto. Both the principal and interest coupons were made payable by the terms of the bonds and the coupons at the office of the Fidelity Trust Company in Philadelphia. Oliver Prescott, the father of the complainant, became the lawful owner of eight bonds, numbered 88 to 95, both inclusive, each of which had attached thereto all the unmatured interest coupons, beginning with the one due May 1, 1885. He continued to be the lawful owner of these bonds and coupons until the day of his death, which occurred on the 11th day of June, 1890. His will was duly probated in Bristol county, Mass., on the 5th day of July, 1890, and letters testamentary thereon granted to William W. Crapo, Oliver Prescott, Jr., and Helen H. Prescott, which executors, on the 13th day of August, 1902, transferred the entire ownership of principal and interest in these bonds to complainant.

The bonds, it appears, were lost on November 13, 1884, the very day of their delivery, by Abel Prescott, a brother and agent of Oliver Prescott, who had received them from a contractor in Philadelphia and lost them before leaving the city. Nothing has ever been known of the bonds or coupons since that time. None of them has ever been presented for payment to either of the defendants. Efforts were immediately made to recover the lost bonds by advertising in the newspapers in Philadelphia, Williamsport, and New York, beginning with the advertisement in the Public Ledger of Philadelphia as early as November 15, 1884, and notice of the loss was directly communicated to the officers of the railroad company and the Fidelity Company in the same year. The bonds were not registered, and were made payable to the bearer on November 1, 1912, etc. To each of the bonds were attached coupons, signed on behalf of the railroad by its secretary, to pay to bearer, at the office of the Fidelity Insurance, Trust & Safe Deposit Company (now the Fidelity Trust Company), in the city of Philadelphia, at the several dates specified, six months' interest on such coupon. Each contained a stipulation that it should "pass by delivery," except in case of registration; but the registration should "not restrain the negotiability of the coupons by delivery merely." On October 31, 1892, the total bond issue secured by this mortgage, excepting these eight lost bonds, was paid off or exchanged for other bonds of another issue of the Williamsport & North Branch Railroad Company, and satisfaction was entered on the mortgage by the trustee on November 14, 1892. The railroad company executed another mortgage upon this property to secure the payment of other bonds, which is still of record unsatisfied. Sixteen bonds of the new issue were retained by the trustee as security against liability for the lost bonds. Subsequently, on May 28, 1901, there was substituted for these bonds an indemnity bond, executed by the railroad company and the American Surety Company of New York.

The relief sought is (1) a decree that the complainant is the owner of the eight bonds, with the interest coupons dated May 1, 1885, and all subsequent interest coupons thereto respectively belonging; (2) the

railroad company and trustee, upon being first indemnified, be ordered and decreed to pay the complainant the sum of $8,000 in full payment of the principal of the lost bonds, together with the additional sum representing all interest thereon at the rate of 6 per cent. per annum from November 1, 1884, to the date of such payment; (3) interest on overdue coupons. This last claim was urged at the argument of the case under the prayer for general relief.

The trustee, in its answer, admits the execution and delivery of the first mortgage, and that subsequently all bonds secured by this mortgage were duly exhibited to it, excepting the eight lost bonds in question, and upon being indemnified by the railroad company entered satisfaction on the mortgage; that a new mortgage was subsequently executed by the railroad company to the trustee; and that no demand was ever made for the payment of the eight bonds. The trustee, being without knowledge, declined to make further answer. The defenses interposed by the railroad company in its answer are (1) neither principal nor interest upon the bonds can be collected in the present suit, but that the complainant's remedy, if any he has, is at common law; (2) that outside of the coupons the holder of bonds has no right to collect interest, and that all the coupons on these lost bonds which matured antecedently to the 1st day of November, 1898, are barred by the statute of limitations and are not collectible; (3) that there is no right in the complainant to demand payment of the coupons attached to the bonds only upon their production to the trustee, where they are made payable; (4) the lost bonds are payable only upon their production, that no production or presentation of the bonds has ever been made, that they have not matured, and that payment cannot be demanded until such production or maturity.

First. It is well settled that courts of equity have jurisdiction to establish lost instruments, and they are not deprived of jurisdiction by reason of the fact that courts of law have assumed, or by statute have been given, the same jurisdiction, and especially have courts of equity jurisdiction in cases of negotiable instruments lost before maturity (25 Cyc. 1609; Bispham's Equity [6th Ed.] § 177), and upon assuming jurisdiction complete relief will be afforded, even to the extent of authorizing a recovery for principal and interest upon the execution of an indemnity to secure defendant against any future liability (25 Cyc. 1611; Bispham's Equity [6th Ed.] § 177; Snyder v. Wolfley, 8 Serg. & R. [Pa.] 328; Bisbing v. Graham, 14 Pa. 14, 53 Am. Dec. 510; Reisinger v. Magee, 158 Pa. 280, 27 Atl. 962).

Second. The law of limitation of actions is thus stated in 25 Cyc. 1035: Coupons detached from the bonds to which they were formerly annexed retain the same nature and character, and do not thereby become simple contract debts, and as to the period of limitation are governed by the same statute as other sealed instruments. This proposition is sustained by the following federal authorities: Burton v. Koshkoning (C. C.) 4 Fed. 373; Kershaw v. Hancock (C. C.) 10 Fed. 541; City v. Lamson, 76 U. S. 477, 19 L. Ed. 725; City v. Butler, 81 U. S. 282, 20 L. Ed. 809. The law of limitations applicable in this case is the Pennsylvania act, and the six-year limitation applies only to actions "upon any lending or contract without spe-

cialty". By "specialty" is meant a bond (Penrose v. King, 1 Yeates [Pa.] 344; Gardiner Estate, 18 Wkly. Notes Cas. 148), or the coupon originally attached to it, though the latter be unsealed and cut off from the bond for the purpose of demand of payment and action (Helmbold v. Railroad Co., 14 Wkly. Notes Cas. 128; Philadelphia Trust Co. v. Philadelphia & Erie Railroad, 160 Pa. 590, 28 Atl. 960). The authorities, we think, sustain the complainant's right to recover for all the coupons.

Third and Fourth. The objection that neither the bonds nor coupons have ever been produced, and there can be no recovery without their production, cannot be seriously considered, because it might be that they could never be found and no recovery could ever be had. Nothing has been shown in this case to take it out of the general rule of allowing a recovery on lost instruments without their production. The defendant can be properly protected by the entry of an indemnity bond against any future liability. The fact that the bonds were made payable in 1912, and are therefore upon their face not yet due, cannot avail as a defense. The defendants, by their own act, destroyed complainant's security by satisfying the mortgage. This, in effect, was a declaration on defendants' part that they elected to regard the bonds due upon that date, and stood ready to pay them. Complainant had a right to acquiesce and demand his money, which he has done by bringing suit to recover the amount, and he is entitled to judgment upon indemnifying the defendants against loss.

Fifth. We do not think the complainant is entitled to recover interest on overdue coupons. It is no fault of the defendants that the overdue coupons were not paid. They were not presented for payment, and not refused. They are overdue on account of the owner of the bonds, through his agent, negligently permitting them to be lost. The defendants are in no way responsible, and should, therefore, not be required to pay compound interest. So far as the record shows, they were ready and willing to pay the interest on these bonds at the time it was due, and the fact that they are not now paid is no fault of theirs. North Penna. R. R. Co. v. Adams, 54 Pa. 95, 93 Am. Dec. 677.

The complainant is entitled to a decree in his favor in accordance with this opinion; but he will first be required to properly indemnify the defendants by a bond executed in their favor, satisfactory to them. Counsel will prepare a decree in accordance herewith and submit it to the court.