FIDELITY & DEPOSIT CO., Respondent, v. THE STATE OF SOUTH DAKOTA, et al, Appellants.

(257 N. W. 465.)

(File No. 7723.  Opinion filed December 3, 1934.)

*Walter Conway,* Attorney General, and *T. E. Eastman,* Assistant Attorney General, for Appellants.

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Respondent.

ROBERTS, P. J.   The defendants appeal from an order overruling the demurrer to the complaint.   Plaintiff alleges that on or about the 15th of January, 1920, the state of South Dakota, through its duly qualified and authorized officers, issued a series of bonds known as Rural Credit bonds, series N of 1920, in the amount of $5,000,000, numbered from one to five thousand, inclusive, each of said bonds being for the principal sum of $1,000, with interest coupons attached; that prior to the maturity of bond No. 2770 of such series, the Bank of Humboldt was burglarized, and among the assets of the bank stolen was the bond in question; that immediately after the robbery the bank gave notice to the paying agent of this bond issue of the robbery, and requested that payment of the bond be stopped; that the bank and its officers have made diligent efforts to recover the bond without success; that none of the matured interest coupons attached have been presented for payment since the robbery and theft of the bond; that under a contract of indemnity the plaintiff paid to the Bank of Humboldt the loss sustained by the burglary and has received from the bank an assignment in writing of the bond; and that plaintiff tendered to the defendants a sufficient indemnity bond conditioned to save the defendants harmless against any loss which may be sustained by reason of the issuance of a duplicate bond and interest coupons, and offers to do such other and further reasonable acts as may be deemed by the court just and equitable.   Plaintiff prays for judgment requiring defendants to issue a duplicate bond and interest coupons upon the delivery of an indemnity bond.

The principal ground of demurrer to the complaint and upon which defendants on this appeal seek a determination is that the complaint does not state facts sufficient to constitute a cause of action. Defendants contend that the provisions of sections 7003-7006, inclusive, Rev. Code 1919, provide the exclusive remedy for the issuance of duplicate state bonds and interest coupons. These statutory provisions, in substance, provide that, in case of loss or destruction of a state, county, township, school, municipal, or other public bond or coupon, the owner shall be entitled to receive a duplicate upon complying with the provisions therein contained. The owner is required within thirty days after the loss or destruction of a bond or coupon to publish notice of the loss or destruction as well as the fact that application has been made for the issuance of a duplicate. The owner is required to furnish satisfactory proof that he is entitled to receive a duplicate bond or coupon and to file a good and sufficient indemnity bond in double the amount of the lost or destroyed bond or coupon, conditioned upon the payment to the obligor of all damages which may arise out of the issuance of a duplicate. The secretary of state, in the case of a lost or destroyed state bond or coupon, if satisfied that such statutory provisions have been complied with and that applicant is entitled to receive the benefits thereof, is required to issue a duplicate.

It is an elementary principle of law that the loss or unintentional destruction of a bond or other evidence of indebtedness is not an extinguishment of the debt. 17 R. C. L. 1180; Bagley v. Eaton, 10 Cal. 126; Bank of U. S. v. Sill, 5 Conn. 106, 13 Am. Dec. 44. It is alleged that the Bank of Humboldt was the owner of the bond in question at the time it was stolen. Its title was not affected by the theft of the bond, and plaintiff, to whom the bank made an assignment, is entitled primarily to receive payment of principal and interest. It appears also from the allegations of the complaint that the bond in question was stolen long before its maturity. There is the possibility that the bond and coupons may have been negotiated to a person claiming to be a holder in due course. The bond is one of a series which is negotiable in form, and we are not here concerned with a situation where the instrument is nonnegotiable, is past maturity, destroyed, or for other reason is precluded from appearing subsequently in the hands of a bona fide holder.

■ When the loss or destruction of an instrument injuriously affects the property rights of the owner, a court of equity has jurisdiction to declare the restoration of the lost instrument. 17 R. C. L. 1170. This jurisdiction exists especially in cases of negotiable instruments lost before maturity. Prescott v. Williamsport & N. B. R. Co. (C. C.) 159 F. 244. Equity in relieving against the loss of a negotiable bond, makes no distinction between loss and theft from the rightful owner. Force v. Elizabeth, 27 N. J. Eq. 408. It is also well recognized that courts of equity are not deprived of their jurisdiction by the enactment of statutes providing for special proceedings for the same purpose at least in the absence of an intention that such proceedings are exclusive. 38 C. J. 254; Brown v. Anderson-Cottonwood Irr. Dist., 183 Cal. 186, 190 P. 797.

■ ■ Sections 7003-7006, inclusive, Rev. Code 1919, originated as chapter 15, Laws of 1887. Inasmuch as no authority for the issuance of public bonds for any purpose exists unless the power is specifically conferred by statute, or is necessarily implied, the territorial Legislature may have regarded a statute necessary to enable officers to issue duplicate public bonds. Counsel for defendants assume that this is an authorizing statute, and therefore contend that no officer other than those therein mentioned has any authority to issue a duplicate bond, and that the officials named in the statute may do so only upon a full compliance with the statutory requirements. This question is not here material. The precise question presented is whether the statute is intended to limit the jurisdiction of a court of equity. If the facts alleged can be established, plaintiff will be entitled to enforce payment of the bond and each of the coupons when due, if payments have not been made to holders in due course, and provided, of course, a bond of indemnity is given as a condition precedent to each recovery. Conceding then a right of recovery, if a present judicial determination recognizing the right of the plaintiff to be paid the amount of the bond and the semiannual interest coupons attached when due is denied, proof of ownership and loss of the instrument may be rendered by lapse of time more difficult. Though the defendants are without fault and the relief sought is not for a wrong committed by them, yet with knowledge of the theft they owe a duty to the plaintiff. If the obligor without notice and bona fide paid

the amount of the lost instrument to a holder, the debt would be discharged and plaintiff would have no recourse. But, where notice has been given that the instrument has been stolen, payment will not operate as a discharge unless the party presenting the instrument is required before payment to establish title thereto. Daniels on Negotiable Instruments (7th Ed.) vol. 4, §§ 1721, 1732. The situation is not without hazard to the obligor, and a present judicial determination with suitable indemnity, if plaintiff prevails, would be beneficial to defendants. The establishment of lost instruments, as we have stated, is a well-recognized function of courts of equity and a duplicate of the instrument which it establishes may be required. The facts alleged in the complaint present a situation peculiarly within the province of a court of equity, and, as we view the statute providing for the issuance of duplicate public bonds, no intention to deprive the courts of such jurisdiction and to provide a procedure which alone may be followed to secure restoration of public bonds appears.

The order appealed from is affirmed.

All the Judges concur.