Mr. Justice FIELD
delivered the opinion, of the court.
The. bonds of .Iowa City were-taken up and cancelled before the commencement of this action, but previous to such cancellation the coupons for interest due on the 1st of January, 1860, upon which the action is brought, were detached and negotiated to other parties until by purchase they came to the possess.ion.of the plaintiff. The statute of Iowa prescribes the limitation of ten years to actions on all written contracts, whether under seal or otherwise.
The. simple question, therefore, presented for our determination is whether the statute is a bar to an action upon the- coupons detached from the bonds and transferred to parties other than the holders of the bonds, when it would *587 not be a bar to an action on the bonds themselves had they not been cancelled.
The counsel for the plaintiff" cites the case of The City of Kenosha v. Lamson, reported in the 9th of Wallace, and the case of The City of Lexington v. Butler, reported in the 14th of Wallace, as conclusive against the bar of the .statute. There are expressions in the opinions of the court in those cases which, detached from the context, would seem to justify this conclusion. But the whole purport of the decisions in those cases was to the effect that the coupons being giveu for interest on the bonds, partook of their nature and were equally high as security, and therefore the statute could only run against them when it would run against instruments of the dignity of the bonds. In other words, the-deci^ions only established the doctrine that the coupons so far phrtook of the nature of the bonds that as the latter were specialties so were they specialties also, and not m®P9 simple contracts.*
The first case, that of The City of Kenosha v. Lamson, arose in Wisconsin, where actions upon sealed instruments are not barred until the lapse.of twénty yeays, whilst actions upon simple contracts are barred in six years. The action was brought upon the coupons when moie than six years but less than twenty years had elapsed after their maturity. And the court held that the coupons were substantially copies of the bond in respect to the interest, and were given to the holder of the bond for the purpose of enabling him to collect the interest at the time and place mentioned, without the trouble of presenting the bond every time the interest became due, and to enable him to realize the interest by negotiating the coupons in business transactions; and that the coupons partaking of the nature of the bonds, which were of higher security than the coupons, were not barred tíy lapse of time short of twenty years. The court concluded its opinion by observing that it would be a departure from the purpose for which the coupon were issued, and from *588 theintent of the parties, to hold that when they are cut off from the'bonds the nature and character of the security changes and becomes a simple contract debt and adds: “ Our conclusion is that the cause of action is not barred by lapse, of time, short of twenty years.”
The, case of The City of Lexington v. Butler arose in Kentucky, where the statute prescribes fifteen years as the limitation' for actions on bonds and only five years for actions on simple contracts. The action was upon coupons of certain bonds issued by the city, and the city pleaded the statute of limitations of five years, but the court answered that bonds, were specialties not falling within the period prescribed; that suits on bonds might be ir.iaintained if commenced within fifteen years after the cause of action, accrued, and that a suit upon a coupon was not barred by the statute unless the lapse of time ivas sufficient to bar also a suit upon the bond, as the coupon, if in the usual form, was but a repetition of the bond in respect to the interest for the period of timé therein mentioned, and partook of its nature.
It is-evidont from this examination of the cases cited that it Was not the intention of the court to decide that an action upon a coupon detached from .the bond, and negotiated to other parties, was not subject to the same limitations as an action upon the bond itself; much less to hold that the coupons remained a valid and existing cause of action not only for the period prescribed for actions on the bond after its maturity, but for the additional period intervening between the maturity of the coupon and the maturity of the bond, however great that might be. .The question before the court in those cases was, only whether the time the statute ran against the coupons was the longest or shortest period; — was it six or twenty years in the Wisconsin case, or ivas it five or fifteen years in the Kentucky case; — and the court held that the statute ran for the longest period, because the coupons partook of the nature' of the bonds and the statute ran for that period as to them.
Most of the bonds of municipal bodies and private corporations in this country are issued in order to raise funds fo'r *589 works of large extent and cost, and their payment is, therefore, made at distant .periods, not unfrequently beyond a quarter of a century. Coupons for the different instalments of interest are usually attached to these boqds, in the expectation that they will be paid as they mature, however distant the period fixed for the payment of the principal. These coupon?, when severed from the bonds, are negotiable and pass by delivery. They then cease to be incidents of the bonds, and become in fact independent claims; they do not lose their validity, if for any cause the bonds are cancelled or paid before maturity; nor their negotiable character; nor their ability to support separate actions; and the amount for which they are issued draws interest from its maturity. They, then, possess the essential attributes of commercial paper, as. has been held .by this court in repeated instances.* Every consideration, therefore, which gives efficacy to the statute of limitations when applied to actions-on the bonds after llieir maturity, equally requires that similar limitations should be applied to actions upon the coupons after their maturity.
Coupons, when severed from the bonds to which they were originally attached, are in legal effect- equivalent to separate bonds for the different instalments of interest. The-like action may be brought upon each of them, when they respectively "become due, as upon the bond itself when' the principal matures; and to each action — to that upon the bond and to each of those upon the coupons — the same limitation must upon principle apply. All statutes of limitation begin to run when the right of action is complete, and it would be exceptional and illogical to hold that the statute sleeps with respect to claims upon detached coupons, whilst a complete right of action upon such claims exists in tho holder.
We answer, therefore, the question certified to us, that the statute of Iowa which extends the same limitation to *590 actions on all written contracts, sealed or unsealed, began to run against the coupons in' suit from their respective maturities; and accordinejN
Affirm the judgment.

 See also Commissioners of Knox County v. Aspinwall, 21 Howard, 539, 646.

 Thompson v. Lee County, 3 Wallace, 327; Aurora City v. West, 7 Id. 105. See also County of Beaver v. Armstrong, 44 Pennsylvania State, 63, and National Exchange Bank v. Hartford, Providence, and Fishkill Railroad Co., 8 Rhode Island, 375.