EVERT EVERTSEN, RESPONDENT, v. THE NATIONAL
BANK OF NEWPORT, APPELLANT.

*Coupons — same as bank bills — right of bona fide purchaser of stolen coupons.*

Coupons separated from their bonds are, in law, regarded as bank bills, and a
*bona fide* purchaser, in the usual course of business, for full value, without notice,
will be protected, although the coupons were overdue when sold, and were
stolen by the party disposing of them to the purchaser.

APPEAL from a judgment entered upon the report of a referee
in favor of plaintiff.

The defendant purchased from its customers coupons of railroad
bonds due April 1, 1871, and sent them by express for collection.
They were stolen from the express company and sold to the plain-
tiff, a banker, in the ordinary course of his business, without notice
of the theft, on April 3, 1871. The defendant stopped payment
of the coupons. Upon suit being brought by plaintiff against the
railroad company, the money was paid into court, and the defend-
ant was substituted in place of the railroad company.

*A. M. Mills,* for the appellant. The plaintiff is not a *bona fide*
holder of negotiable commercial paper, and so entitled to be pro-
tected as against the true owner of the coupons. It is only he
who purchases innocently, in the course of trade for a valuable
consideration, commercial paper *not overdue,* that is protected.
(3 Kent's Com., 78; *Farrington* v. *Park Bank,* 34 Barb., 645.)
A recent case decided in the Supreme Court of the United States
settles this question. (*Vermilyea* v. *The Adams Ex. Co.,* 11
Alb. Law Jour., 189, March 20th, 1875.) These coupons are *sui
generis;* they are not money, nor promissory notes, nor independent
instruments, but only the detached parts of an entire contract certi-
fying that certain money is due by virtue of that contract. (*Clarke*
v. *City of Janesville,* 1 Bissell, 98.)

*N. C. Moak,* for the respondent. Bonds issued by a corpora-
tion under its seal are negotiable securities and pass by delivery.
(*Brainard* v. *N. Y., etc.,* 25 N. Y., 496; *Lindsley* v. *Diefendorf,*

43 How. Pr., 357; *Blake* v. *Board of Suprs.*, 61 Barb., 149; *Moran* v. *Comrs.*, 2 Black, 722; *Mercer County* v. *Hackett*, 1 Wall., 83; *Gilpeke* v. *Dubuque*, id., 176; *Clapp* v. *Cedar County*, 5 Iowa, 15; *Ring* v. *Johnson County*, 6 id., 265; *Matter of Imperial, etc.*, L. R. [11 Eq.], 478, 486, 495; 7 Am. Law Rev., 71; *Huidekoper* v. *Buchanan County*, 1 Cent. Law Jour., 177.) And a *lis pendens* will not prevent a *bona fide* purchaser from obtaining a good title thereto. (*Lindsley* v. *Diefendorf*, 43 How., 357; *Durant* v. *Iowa City*, 1 Woolw. C. C., 69, 83; *Leitch* v. *Wills*, 48 N. Y., 585.) The coupons issued with such bonds, after being detached, are treated and regarded as bank bills and currency, and may be sued though the owner be not the holder of the bond. (*Spooner* v. *Holmes*, 102 Mass., 507; 6 Alb. Law Jour., 235; *Nat. Ex. Bank* v. *Hartford, etc.*, 8 R. I., 375; *City of Memphis* v. *Brown*, 5 Am. Law Times, 433, and numerous cases cited; 7 Am. Law Rev., 71; *Sewell* v. *Brainard*, 38 Vt., 364; *Miller* v. *R. and W. R. R. Co. et al.*, 40 id., 399; *Wohey* v. *Pole*, 4 Barn. & Ald., 1; *Matter of Imperial, etc.*, L. R. [11 Eq.], 478, 486, 495; *Durant* v. *Iowa City*, 1 Woolw. C. C., 69, 72; *Murray* v. *Lardner*, 2 Wall., 110; 1 Am. Lead. Cas. [5th ed.], 407, 410; *Langston* v. *South Carolina R. R.*, 2 S. C. [N. S.], 248; *Commonwealth* v. *Emigrant Industrial, etc.*, 98 Mass., 12; *Haven* v. *The Grand Junction R. R. Co.*, 109 id., 88; *City of Lexington* v. *Butler*, 14 Wall., 82; *McCoy* v. *Washington County*, 3 Wall. Jr., 381.) One who takes a stolen bank bill in good faith obtains a valid title thereto. (*Raphael* v. *The Governor, etc.*, 17 C. B. [84 Eng. C. L.], 161; *Miller* v. *Race*, 1 Burr., 462; 1 Smith's Lead. Cas. [7th Am. ed.]; *Spooner* v. *Holmes*, 102 Mass., 503; *Worcester, etc.*, v. *Dorchester, etc.*, 10 Cush., 488; Smith's Man. Com. Law, 256 [1st Am. ed., 306]; *Anon.*, 1 Salk., 126; *Snow* v. *Leatham*, 2 C. & P. [12 Eng. C. L.], 314.) The rule of *caveat emptor* does not apply to the holder of a bank bill which has been stolen, unless it be shown he did not take it in good faith and for valuable consideration; his knowledge of suspicious circumstances is immaterial, unless amounting to proof of want of good faith. (*Worcester County Bank* v. *Dorchester, etc.*, 10 Cush., 488; *Wyer* v. *Dorchester, etc.*, 11 id., 51.) The jury has found that the defendant took these coupons in good faith, without gross negligence, and as

agent of his employer. He thus acquired a lawful possession of them which was no evidence of a conversion. (*Spooner* v. *Holmes*, 102 Mass., 507; *Clapp* v. *Cedar County*, 5 Iowa, 15; *Ring* v. *Johnson County*, 6 id., 265.) The purchaser is not bound to make a close or critical inspection, though the bonds carry on their face circumstances leading to a suspicion of want of title in the seller. (*Birdsall* v. *Russell*, 29 N. Y., 220; reversing 1 Robt., 538; *Dutchess Co. Ins. Co.* v. *Hatchfield*, 4 N. Y. S. C., 158; 1 Hun, 675; 47 How., 330; *Commonwealth* v. *Emigrant Industrial*, etc., 98 Mass., 12.) Negligence on the part of the purchaser is not sufficient to prevent his becoming a purchaser in good faith. There must be proof of fraud in fact or actual bad faith. (*Seybel* v. *National*, etc., 54 N. Y., 288; *Welch* v. *Sage*, 47 id., 143; *Magee* v. *Badger*, 34 id., 247; *Belmont Bank* v. *Hoge*, 35 id., 65; *Head* v. *Smith*, 44 How. Pr., 478; *Leavitt* v. *Dabney*, 7 Robt., 350, 353; *Murray* v. *Lardner*, 3 Wall., 111; *Bank of Bengal* v. *McLeod*, 7 Moore P. C., 35; *Bank of Bengal* v. *Fagan*, id., 61; *Goodman* v. *Simonds*, 20 How. [U. S.], 366; *Spooner* v. *Holmes*, 102 Mass., 503; *Hamilton* v. *Vought*, 34 N. J. Law, 187; *Phelan* v. *Moss*, 67 Penn. St., 59; 5 Am., 402; see, also, note 5 Am., 266, and cases there cited; 1 Smith's Lead. Cas. [7th Am. ed.], 809, 820.) These coupons were payable at a particular time, the first of April. This being so the payees were entitled to three days' grace. (*Brown* v. *Newell*, 8 N. Y., 190.) They were clearly promissory notes within our statute. (1 R. S., 768, §§ 1–5; 1 Edm. St., 721; *Woodward* v. *Genet*, 2 Hilt., 527, and numerous authorities there cited.) So "due A B $325, payable on demand," is a promissory note, though not negotiable. (*Kimball* v. *Huntington*, 10 Wend., 675; *Luqueer* v. *Prosser*, 1 Hill, 356; *Bruce* v. *Westcott*, 3 Barb., 376.) Should the coupons be held to be promissory notes or I. O. U.'s, the purchaser thereof, on the third day of grace, like the purchaser of such a note or I. O. U., would obtain a valid title as a *bona fide* purchaser. (Edw. on Prom. Notes [1st ed.], 525; *Oathout* v. *Ballard*, 41 Barb., 33.) A negotiable note is not dishonored in the hands of a *bona fide* holder for value, who takes it without notice of a defect in the consideration, within business hours, on the last day of grace. (*Crosby* v. *Grant*, 36 N. H., 273, 278.) The days of grace on negotiable notes constitute a part

of the original contract; and the negotiability of the note is as unrestricted, during those days, as before their commencement. (*Savings Bank* v. *Bates*, 8 Conn., 505, 511, 512; *Hogan* v. *Cuyler*, 8 Cow., 203; *Bank of Utica* v. *Wager*, 2 Cow., 166; *Osborne* v. *Moncure*, 3 Wend., 170; *McGraw* v. *Walker*, 2 Hilt., 405; *Gerkins* v. *Tompkins*, 12 Barb., 280.)

BOARDMAN, J.:

If coupons separated from their bonds are in law to be considered as representatives of money, and subject to the same rules as bank bills and other negotiable instruments payable in money to bearer, this judgment is correct. It is no longer to be doubted that a *bona fide* purchaser of government or corporation bonds for the payment of money, negotiable by delivery, will be protected in his title, even against the true owner, if they were purchased in the ordinary course of business. (*Seybel* v. *Nat. Currency Bank*, 54 N. Y., 288, and cases cited.) I think it is about as well settled that ordinary coupons like those in suit are negotiable promises for the payment of money, after they are detached from the bonds, and are in law treated and regarded as bank bills, currency, or the original bonds. (*Murray* v. *Lardner*, 2 Wall., 110; *Spooner* v. *Holmes*, 102 Mass., 503; *Nat. Exch. Bank* v. *Hartford R. R. Co.*, 8 R. I., 375; *Commonwealth* v. *Emigrant Industrial Savings Bank*, 98 Mass., 12; *Clark* v. *Iowa City*, 20 Wall., 585.) Coupons are substantially a minute repetition of what is contained in more concise terms in the bond. They are attached to the bond to be separated therefrom at the convenience of the holder, and to be thereafter negotiated as money, or the representative of money, by simple delivery. Such is in fact the use made of them. They are purchased by banks and bankers as foreign bank notes or gold are purchased. No reason can be seen why a distinction is justifiable.

The referee has found that plaintiff was a purchaser in good faith, in the usual course of business, for full value, of these coupons, and that he had no notice that the seller was not the owner. The evidence abundantly sustains such findings. This, it seems to me, disposes of the whole case.

There was no error prejudicial to the defendant in the admission

of the evidence of the manner in which these coupons are treated and considered in commercial circles.    The fact proved stood admitted by the pleadings.    But upon the face of the instruments, the law declared their character to be just what was testified to. In no way was it possible that such evidence, if illegal, could harm the defendant.

The judgment should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.