W. T. LANE, Trustee, *v.* EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD COMPANY.

BONDS. *Coupons. Interest.* The endorser of a negotiable State bond, whose liability has been fixed by demand of payment of the bond at maturity, protest for non-payment and notice, is thereby rendered liable for the unpaid coupons then attached to the bond, with interest thereon, without a separate presentment for payment of the several coupons as they fell due, protest for non-payment and notice.

FROM M'MINN.

Appeal from the Chancery Court at Athens. W. B. STALEY, Ch.

Lane *v.* Railroad Company.

Burkett & Lane for complainant.

W. M. Baxter, A. Blizzard and P. B. Mayfield for defendants.

Cooper, J., delivered the opinion of the court.

The defendant was held liable, on a former day of the term, as the endorser of certain State bonds, which were duly protested at maturity for non-payment, and notice thereof given to the defendant. The only question raised by the petition for rehearing is whether the defendant is liable for the amount of the unpaid coupons attached to the bonds sued on, with interest thereon since their maturity. The argument in support of the petition for rehearing is that, in order to hold the endorser of the bond liable, it being otherwise as to the maker, it is necessary to present the coupon for payment at maturity, protest the same for non-payment, and give the endorser notice.

All of the authorities cited in support of this contention relate to coupons detached from the bonds. If the coupons are in a negotiable form and cut from the bonds, all the authorities agree that they may be treated as negotiable securities, and accordingly presentment, protest and notice to hold an endorser may be required. But the rule is altogether different in regard to coupons allowed to remain attached to the bond. Municipal bonds stipulate on their face for the payment of interest, and therefore the maker will be liable on the coupons although they show no promise on his part: *Mayor, etc.,* v. *Potomac Insurance Com-*

*pany*, 2 Baxt., 296. The bonds sued on in this case expressly call for "interest at the rate of five per cent per annum payable semi-annually." Such a call would be good and make any party liable for the bond equally liable for the interest payments, with interest on each payment, without any coupons: *House* ·v. *Tennessee Female College*, 7 Heis., 128. But the interest stipulated is a mere incident of the debt, even if it be put in the form of detachable coupons, as long as those coupons remain attached to the bond. The holder of the bond, as said by the Supreme Court of the United States, has his option to insist upon payment of the coupon and treat it as a separate negotiable security, or to allow it to run until the maturity of the bond, that is until the principal is payable: *Cromwell* v. *County of Sac*, 96 U. S., 51, 58. The coupons are mere incidents of the debt as long as they remain attached to the bond, and the same act which fixes the liability of the endorser for the debt equally fixes his liability for the interest, the payment of which is expressly stipulated for in the bond. The coupons cease to be incidents of the debt, and become independent claims only when detached: *Clark* v. *Iowa City*, 20 Wall., 583; *Walnut* v. *Wade*, 103 U. S., 683, 696.

Rehearing disallowed.