(15.App. Div. 483.)

## DOUGAN v. EVANSVILLE & T. H. R. CO.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

1. PLEADING—DUPLICITY—ACTION AGAINST GUARANTOR.

A complaint against a guarantor of payment of principal and interest of bonds does not state two causes of action because, on the same state of facts, plaintiff seeks to recover on interest coupons, and also the principal of the bonds; but it states a single cause of action, to recover whatever defendant may be liable for on his guaranty.

2. SAME—FACTS ADMITTED BY DEMURRER—FOREIGN LAWS.

A demurrer to a complaint which alleged that defendant, a foreign corporation, "duly and legally executed" the guaranty sued on, admits the power of defendant, under the laws of its domicile, to execute such guaranty.

3. GUARANTY—LIABILITY OF GUARANTOR.

A guaranty of "payment of the principal and interest mentioned in the within bond, according to the tenor and effect thereof," renders the guarantor liable for the amount of each interest coupon as default is made by the obligor.

4. SAME—CONSTRUCTION OF GUARANTY.

A guaranty of payment of principal and interest of a mortgage bond "when and as the same shall become due and payable" renders the guarantor liable for the principal, where the trustee in the mortgage, in accordance with its terms, declares the principal due for nonpayment of interest before the time of maturity stated in the bond.

Appeal from special term, New York county.

Action by John Dougan against the Evansville & Terre Haute Railroad Company on a guaranty of bonds. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Thomas G. Shearman, for appellant.

Henry C. Robinson and Charles A. Boston, for respondent.

INGRAHAM, J. The complaint alleges two causes of action,—the first, to recover the amount of certain bonds of the Evansville & Richmond Railroad Company designated as "First Mortgage Bonds on Western Division, Elnora to Columbus"; and the second, to recover the amount due upon certain bonds of the said corporation designated as "First General Mortgage Bonds." The liability of the defendant is based upon what is designated in the complaint as a "written or printed guaranty," which it is alleged was placed upon each of the bonds mentioned, the form of the guaranty upon the bonds described in the first cause of action being, "The Evansville and Terre Haute Railroad Company, for a valuable consideration, the receipt whereof is hereby acknowledged, hereby guaranties the payment of the principal and interest mentioned in the within bond according to the tenor and effect thereof"; and that placed upon each of the bonds described in the second cause of action being, "For a valuable consideration, the receipt whereof is hereby acknowledged, the Evansville and Terre Haute Railroad Company hereby guaranties to the holder of the within bond the punctual payment of the principal and interest thereof when and as the same shall become due and payable." The defendant demurs to the first cause of action, as if it alleged two sepa-

rate causes of action, and also to the first and second causes of action, upon the ground that in neither are stated facts sufficient to constitute a cause of action. As to the first ground of demurrer, it is sufficient for us to say that the facts alleged in the first cause of action constitute but one cause of action, viz. to recover the amount claimed to be due to the plaintiff from the defendant upon the contract of the defendant. Whether, upon the facts alleged and proved upon the trial, the plaintiff will be entitled to a judgment for the principal of the bonds, or for the interest due at the time of the commencement of the action, is to be determined from a construction of the instrument of guaranty, and of the instruments the payment of which was guarantied; but whatever is due to the plaintiff is due because of the defendant's contract, and it is to recover the amount due upon that contract of guaranty that this action is brought.

The real question presented is whether the facts alleged as constituting this first cause of action set forth a cause of action in favor of the plaintiff as against this defendant. The allegations are as follows: That about the 1st day of September, 1888, the Evansville & Richmond Railroad Company, a corporation organized and existing under the laws of the state of Indiana, executed 15 bonds, of the denomination of $1,000 each, under the seal of the corporation, signed by the president and attested by the secretary; that in and by each of said bonds the said railroad company acknowledged itself indebted unto the Manhattan Trust Company, or the bearer thereof, in the sum of $1,000, which sum the said railroad company promised to pay to the bearer on the 1st day of September, 1928, in the city of New York, with interest thereon from the 1st day of September, 1888, payable semiannually on the 1st days of March and September in each year, on the presentation and surrender of the coupons annexed to the bonds; that in and by each of said bonds it was provided that, in case of default in the payment of the principal and interest in accordance with the tenor of said bonds, the said principal and interest "might become collectible in the manner, to the extent, and with the effect specified and set forth in a deed of trust or mortgage recited in said bond," and that upon each of said bonds were interest coupons for the interest thereon, maturing severally upon each 1st day of March and each 1st day of September from the year 1889 to the date of the maturity of the said bond, which said several coupons were in general form as therein alleged; that the defendant, the Evansville & Terre Haute Railroad Company, being the sole owner of the entire capital stock of the said Evansville & Richmond Railroad Company, whose railroad was a part of the general system of the Evansville & Terre Haute Railroad Company (the defendant), and the said defendant having also advanced the money to build the railroad of the said Evansville & Richmond Railroad Company, with the intent to reimburse itself for its outlays as aforesaid from the proceeds of the sale of said bonds, and with the intent to give the said Evansville & Richmond Railroad Company credit with the purchaser and holder of said bonds, by the hands of its (the defendant's) president duly and lawfully subscribed and executed upon each of said bonds the contract of guaranty therein set forth; that thereafter, and prior to March 1, 1894,

for value received and appropriated as aforesaid by the defendant, the said bonds, certified by the trustee and bearing the contract of guaranty as aforesaid, and with the interest coupons annexed thereto, were, in the ordinary course of business, duly delivered to the several purchasers thereof; and that subsequently 15 of said bonds were purchased by and delivered to the plaintiff, with the contract of guaranty of the defendant thereon, and with the interest coupons attached thereto; that the deed of trust or mortgage recited in each of said bonds provided that in case default should be made in the payment of the semiannual installments of interest of any of the said bonds according to the tenor of the said bonds, and the coupons accompanying the same, and in case any such default should continue for a period of six months after demand by the said trustees, the principal of the bonds secured by the said mortgage, and the said accrued interest, should, at the election of the said trustees, "become immediately collectible from and out of the said mortgaged premises, anything in the said bonds or in said deed of trust to the contrary notwithstanding"; that the interest which became payable on the 1st day of March, 1894, was not paid, and that default was also made in the payment of the interest subsequently accruing on said bonds, and that a demand in writing was duly made by the trustees for the payment of the said interest at the maturity of the interest coupons maturing March 1, 1894, and payment thereof refused, and that such default has continued for a period of six months after such demand, and still continues; and that the said trustees have duly elected, at the written request of the defendant, that the principal and accrued interest of each of the said bonds, and of all of the bonds secured by the said mortgage, "should be, and the same has, become immediately due and collectible, and notice of such election was duly given by the said trustees to the said Evansville & Richmond Railroad Company, and demand was duly made upon the said Evansville & Richmond Railroad Company by the said trustees for the payment of the whole debt"; and that the said company has wholly neglected and refused to pay any part whatsoever of such principal or accrued interest. It is apparent that upon this cause of action two questions are presented: First, as to the right to recover the interest upon the bonds accruing prior to the commencement of the action, as represented by the several coupons remaining unpaid; and, second, as to the right to recover the principal of the bonds, which by their terms did not become due until 1928. This second question, however, is not necessary for the decision of this demurrer; for if the plaintiff is entitled to recover any sum upon the cause of action alleged in the complaint, the demurrer was properly overruled.

The contention of the learned counsel for the defendant that there are two causes of action, because upon the same state of facts the plaintiff seeks to recover the interest and also the principal provided for by the bond itself, is manifestly unsound. The cause of action is to recover the principal and interest of the bonds, being the amount due to the plaintiff from the defendant under the contract of guaranty affixed to each particular bond; there being but one instrument upon which the defendant promises to pay any-

thing, and under that promise, if a valid, subsisting promise, the plaintiff is entitled to recover the amount due. Just what that sum is depends upon the amount which the defendant promised to pay by the contract of guaranty, and the fact that the amount due under the guaranty consists of more than one item does not make a separate cause of action for each item. If, therefore, the defendant is bound to pay to the plaintiff any sum of money under the guaranty at the time the action was brought, a good cause of action is alleged. Under our system of pleading, the complaint will be deemed sufficient whenever the requisite allegations can be fairly gathered from all the averments, though the statement of them may be argumentative, and the pleading deficient in logical order and in technical language. "The pleading will be held to state all facts that can be implied from the allegations by reasonable and fair intendment, and facts so impliedly averred are traversable in the same manner as though directly stated." Sage v. Culver, 147 N. Y. 245, 41 N. E. 513. To justify a demurrer, it must appear upon the face of the complaint that one of the objections mentioned in section 488 of the Code exists. Does it here appear upon the face of the complaint that the facts alleged as the first cause of action do not state facts sufficient to entitle the plaintiff to recover on the guaranty at all? Several objections to the complaint are taken by the defendants. We think it quite clear that it does not appear that the defendant had not power to execute the contract of guaranty alleged to have been placed upon the bonds. There is no rule of common law with which we are familiar which prohibits a corporation from executing such a guaranty as is here alleged. The allegation is that this corporation, being created under the laws of a foreign state, duly and lawfully executed this obligation. No law of this state makes it illegal for a foreign corporation to execute such an obligation, and the demurrer admits that the defendant duly and lawfully executed it. If the obligation was one which would be void under the law of our state, as against public policy or in violation of some rule of the common law, an allegation that it was lawfully executed could not be held to override the express rule of law violated by its execution. Thus, if the agreement was invalid as being in restraint of trade, or as tending to establish a monopoly, we would not uphold or enforce it, although the complaint alleged and the demurrer admitted that it was lawfully executed. There is, however, no such invalidity in the contract in question. No rule of the common law is violated by the defendant's guarantying the payment of these bonds. There is a contract, not invalid by the common law and not prohibited by any statute of this state, by which this foreign corporation has agreed to pay a sum of money; and if, by reason of a foreign law, the law of the state which has incorporated the defendant, or the law of the state where the guaranty itself was executed, the contract is made invalid, it is an affirmative defense, which must be pleaded by the defendant. As an illustration of this principle, it has been said that the defense of the statute of frauds to an agreement alleged in the complaint to have been made, but which, by that statute, is void

if not in writing, to be effectual must be pleaded.   See Crane v. Powell, 139 N. Y. 379, 34 N. E. 911.   It is unnecessary to follow the learned counsel for the appellant in his argument as to the illegality of the various acts alleged in the complaint as having been done by these defendants.   The illegality, if any, must depend upon a foreign law, of which we cannot take judicial notice.   The cases cited to sustain the proposition that these acts were illegal arose upon appeals from judgments where the statute under which the corporation was organized, or the law of the state under which the corporation existed, were before the court for construction. It may be that the laws of the state of Indiana, or the charter of this defendant, expressly prohibited it from doing the acts alleged in the complaint to have been done by it.   Upon that fact being proved, a question will then be presented as to the liability of the defendant, but upon the facts here conceded no such question is presented.   Nothing appears upon the face of this complaint to show that this guaranty was not a legal exercise of the corporate powers; but, on the contrary, the facts here admitted by the defendant, viz. that this defendant, to complete a road which was a part of its system, advanced money for that purpose, and to reimburse itself for the money took bonds of the road, indorsed a guaranty upon them, and issued them to purchasers, and received the proceeds, would certainly, in the absence of any express prohibition, create a liability on behalf of the guarantying corporation to the extent of its guaranty.   While it may be assumed that this is a New York contract, the power of the corporation to make it must depend upon the law of the state creating the corporation, unless the contract is one prohibited by law in this state; and, as before stated, no rule of the common law or statute has been called to our attention which makes such a contract illegal.   Upon the facts alleged in this first cause of action, therefore, we must hold that the power of the corporation to execute the guaranty sued on is admitted by the demurrer.

The next question is as to whether, from the facts alleged, the plaintiff would be entitled to judgment for either the principal or interest of the bonds which were held by the plaintiff at the time of the commencement of the action.   The guaranty of the defendant "guaranties the payment of the principal and interest mentioned in the within bond according to the tenor and effect thereof."   The promise contained in the said bond is to pay in the year 1928, in the city of New York, $1,000 in gold coin of the United States, with interest thereon at the rate of 5 per cent., on the 1st days of March and September in each year, on the presentation and surrender of the coupon annexed thereto.   By the coupon annexed thereto the obligor agreed to pay to the bearer on the 1st days of March and September in each year $25 in gold coin, in the city of New York, being for six months' interest on its bond; and by its guaranty the defendant guarantied the payment of the interest mentioned in the bond according to the tenor and effect thereof.   It seems to us quite clear that by this guaranty, upon the failure of an obligor to pay such interest upon the presentation of the coupon

annexed to the bond, the defendant became liable for the amount of each coupon. The defendant would therefore, upon the facts admitted by the demurrer, be liable for the several coupons alleged to be due and unpaid prior to the commencement of the action; and to that extent, at least, the plaintiff would be entitled to judgment.

The other question presented is much more serious. By the bond it is provided that upon the default in the payment of the interest the principal and interest might become collectible, in the manner, to the extent, and with the effect specified and set forth in a deed of trust or mortgage therein recited; and by the mortgage it is provided that, upon default which should continue for six months after demand by the trustees, the principal of the bond should, at the election of the trustees, "become immediately collectible from and out of the said mortgaged premises." It is argued with much force that under this provision of the bond and mortgage the default in the payment of the interest affected the time of the payment of the principal only so far as it authorized the trustee to collect the principal sum out of the mortgaged premises, leaving the promise of the obligor to pay the principal in the year 1928 unaffected by the default. There is no promise in the bond to pay the principal of this sum until the year 1928, except the obligation that upon the default in the payment of the interest the principal and interest might become collectible in the manner, to the extent, and with the effect specified and set forth in the mortgage. Now, here is no provision that the obligor will pay that amount of principal upon the default in the payment of the interest on the bonds. There is no promise that the obligation of the obligor will be in any manner changed in consequence of the default in the payment of the interest. The obligor is to pay the principal in 1928, with interest thereon semiannually upon stated periods, with a provision in the bond that, if default is made in the payment of the interest, the trustees may immediately proceed to enforce a lien upon property given to secure the payment of the bond and to apply the proceeds realized from the sale of such security upon the amount of such principal of the bond; but there is nothing to give to the holder of the bond a cause of action against the obligor, or to change its obligation to pay such principal before the time fixed for such payment in the bond itself; and, as the defendant guaranties the payment of the principal and interest according to the tenor and effect of the bond, we incline to the opinion that, in the absence of any other provision in the mortgage than is alleged, there would be no obligation to pay the principal which could be enforced by a judgment against the obligor until the time when the amount is payable by virtue of the bond itself. As, however, the plaintiff was clearly entitled to a judgment for the amount of the interest, the decision of the court below in overruling the demurrer to the first cause of action was correct.

As to the second cause of action, it seems clear that the plaintiff is entitled to recover, upon the facts alleged, the whole amount of principal and interest. The contract of the defendant "hereby guaranties to the holder of the within bond the punctual payment of the prin-

cipal and interest thereof when and as the same shall become due and payable." By the bond the obligor became indebted to the Farmers' Loan & Trust Company, or bearer thereof, in the sum of $1,000, paya ble on the 1st day of September, 1931, at the office or agency of the said company, in the city of New York, in gold coin of the United States, with interest thereon at the rate of 5 per centum per annum, payable semiannually; and by each of said bonds it was provided "that, in case of default in the payment of the principal or any of the said interest in accordance with the tenor of said bond, the said principal and interest might become collectible in the manner, to the extent, and with the effect specified and set forth in a deed of trust or mortgage recited in said bond"; and by such mortgage it was provided that in case default should be made in the payment of any installments of interest of any of the said bonds according to the tenor of the said bonds, and of the coupons accompanying the same, then, immediately after demand by said trustees, or either of them, in writing, for the payment of the said moneys, the principal of the bonds secured by the said mortgage, and the said accrued interest, should, at the election of the said trustees, become immediately due and payable, anything in the said bonds or in said deed of trust to the contrary notwithstanding. Thus, by the guaranty the defendant guarantied the punctual payment of the principal and interest when the same should become due and payable. By the bond it is provided that upon default in the payment of the interest the principal and interest might become collectible in the manner, to the extent, and with the effect specified and set forth in the deed of trust or mortgage; and by the deed of trust it is provided that upon the default in the payment of the interest the principal of the bond secured by the mortgage should, at the election of the trustees, become immediately due and payable. Under this provision, therefore, immediately upon default being made in the payment of the interest, upon the election of the trustees the principal sum became at once due and payable by the obligor to the holder of the bond; and the defendant having guarantied the payment of the principal and interest thereof when the same shall become due and payable, and the principal having become due and payable according to the bond itself, the defendant was liable.

We think, therefore, the demurrer to both causes of action was properly overruled, and that the judgment should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who concurs in result.