JOHN T. CLOKEY, Respondent, *v.* EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY, Appellant.

*Guaranty of the payment of a bond — it does not accompany a coupon which has been severed and transferred to another person.*

A guaranty by which a railroad corporation guarantees to the holder of a bond of another railroad corporation "the punctual payment of the principal and interest thereof when and as the same shall become due and payable," is not available to one who owns a coupon which has been severed from the bond and which has been transferred to him by the holder of the bond.

After such severance and transfer the coupon, which was before a mere evidence of an indebtedness for interest upon the bond, becomes an independent obligation of the obligor, and is negotiable and enforcible by the transferee; but the original guaranty to the holder does not attach to or accompany the coupon thus transferred.

*Quære,* whether the holder of the bond could have assigned with the coupon the obligation of the guarantor to pay it.

O'BRIEN and WILLIAMS, JJ., dissented.

APPEAL by the defendant, the Evansville and Terre Haute Railroad Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 13th day of January, 1897, upon the decision of the court rendered after a trial at the New York Special Term overruling its demurrer to the complaint.

*Thomas G. Shearman,* for the appellant.

*Richmond O. Aulick,* for the respondent.

INGRAHAM, J.:

The obligation of the defendant sought to be enforced in this action is alleged to be its guaranty, as follows : "The Evansville and

Terre Haute Railroad Company hereby guarantees to the holder of the within bond the punctual payment of the principal and interest thereof when and as the same shall become due and payable." The bonds upon which this indorsement was placed are alleged to be bonds of a corporation known as the Evansville and Richmond Railroad Company; and it is alleged that the plaintiff is the owner and holder of fifty-five coupons of twenty-five dollars each, and that the said Evansville and Richmond Railroad Company in and by each of said coupons promised and agreed to pay to the bearer thereof the sum of twenty-five dollars in gold coin of the United States, in the city of New York, on the 1st days of March and September in the years 1894 and 1895, and on the 1st day of March, 1896, respectively. From the allegations of the complaint the inference may be drawn that these coupons owned by the plaintiff were coupons of bonds "the payment of the principal and interest of which was guaranteed by the defendant."

There is no allegation in the complaint that the plaintiff is now or ever was the owner and holder of any of the bonds thereby guaranteed, and no allegation that the owner of such bonds has demanded of the defendant or of the Evansville and Richmond Railroad Company the payment of the interest on the bonds; and there is no allegation of any assignment or transfer by the owner and holder of the bonds of any claim or demand for the interest on the said bonds to the plaintiff. The plaintiff, as the owner and holder of coupons which had been attached to certain bonds which represented an installment of interest due thereon, sues the defendant to recover the amount of the coupons under a guaranty by which the defendant agreed with the holder of the bonds for the punctual payment of the principal and interest thereof.

The liability of the obligor upon coupons affixed to bonds of this character has been much discussed, and it seems to me that a distinction has been established as to the obligations of the obligor upon coupons of this character remaining on the bonds, and when detached therefrom and transferred to a person other than the owner of the bonds. When such coupons are held by the owner of the bond they remain simply vouchers for the payment of the interest by which such interest can be collected without the presentation of the bond itself.

It is quite clear that they acquire in the hands of the owner of the bond no independent character and impose upon the obligor no other or further liability than that imposed by the bond itself, and by which the obligor agrees to pay to the holder of the bond a sum of money on a particular day as interest upon the amount of the bond. Thus, in the case of *Bailey* v. *County of Buchanan* (115 N. Y. 297), the court say : " But the coupons, nevertheless, always have some relation to the bonds. Their force and effect and character may be determined by reference to the bonds. They are secured by the same mortgage and, although unsealed, are specialties like the bonds and are governed by the same Statute of Limitations which is applicable to the bonds. Until negotiated or used in some way they serve no independent purpose ; and while they are in the hands of the holder they remain mere incidents of the bonds and have no greater or other force or effect than the stipulation for the payment of interest contained in the bonds; and while they remain in the ownership and possession of the owner and holder of the bonds it can make no difference whether they are attached to or detached from the bonds as they are then mere evidences of the indebtedness for the interest stipulated in the bonds." When, however, such coupons are detached from the bonds and transferred to a person other than the owner and holder of the bonds there seems to be imposed upon the obligor a somewhat different liability, and these instruments acquire a somewhat different character. Upon such severance and transfer to a third party they become independent obligations of the obligor which can be enforced like any other agreement to pay money. Upon such severance and transfer, it is quite clear that the obligor ceases to owe to the holder of the bond any sum of money as interest upon that bond. The holder of the bond then cannot sue him for the interest that became due at the date of the coupon which has been severed and transferred to a third party, because, by the transfer of the coupon from the holder of the bond to a third person the obligor becomes indebted to the transferee for the amount therein specified, the holder of the bond having, by such transfer, in effect released the obligor from the payment to him of the interest then becoming due, and by this transfer of the coupon gave life to independent obligations of the obligor, which before was a mere evidence of an indebtedness for interest. This position

would seem to follow from what was said by Mr. Justice FIELD in delivering the opinion of the Supreme Court of the United States in *Clark* v. *Iowa City* (20 Wall. 589). It is there said : "These coupons, when severed from the bonds, are negotiable and pass by delivery. They then cease to be incidents of the bonds, and become, in fact, independent claims ; they do not lose their validity, if for any cause the bonds are canceled or paid before maturity ; nor their negotiable character ; nor their ability to support separate actions ; and the amount for which they are issued draws interest from its maturity. They then possess the essential attributes of commercial paper, as has been held by this court in repeated instances."

The complaint does not allege when these coupons were transferred. The one allegation is that the plaintiff was the owner and holder of the coupons at the time of the commencement of the action. The question presented is whether the ownership of the coupons when the action was commenced gave to the plaintiff a cause of action against the defendant upon the guaranty. Now, the guaranty alleged is a guaranty " to the holder of the within bond the punctual payment of the principal and interest thereof when and as the same shall become due and payable." There is no obligation here to pay the amount of the various coupons to the persons that may hold the coupons, not as incidents to the bond, but as independent obligations of the Evansville and Richmond Railroad Company. It is a guaranty for the payment of the principal of the bond when it shall become due, and the interest as an incident to the obligation to pay the interest when the several installments of interest shall become due to the holder of the bond. When the holder of the bonds transferred the coupon to a third party, he transferred to such third party an instrument which, upon its transfer, became a separate and distinct obligation of the Evansville and Richmond Railroad Company to pay upon a specific date a sum of money. It is true that the consideration for that instrument was the agreement by the Evansville and Richmond Railroad Company to pay a sum of money as interest upon a bond, but, upon the transfer of the coupons to a third party, they ceased to be incidents to the bond and became independent claims. Such independent claims or obligations against the Evansville and Richmond Railroad Company were not guaranteed by this defendant, and do not come within the terms of the

transaction by which the defendant agreed to become responsible for the payment of the principal and interest of the bonds to the holder thereof.

It is unnecessary for us to determine whether or not an assignment by the holder of the bond for an installment of interest due thereon would have been a valid transfer of the obligation assumed by this defendant, or, in other words, whether a creditor to whom an installment of interest has become due, the payment of which is guaranteed by a third party, can assign his right to sue under such guaranty for the installment of interest due without assigning the original obligation, as there is no allegation in this complaint that such an assignment had been executed, or that this bondholder has done anything more than, by the transfer of the coupons, given to the holder of the coupons a right of action against the obligor of the bond and of the coupons for the amount due upon each coupon. Such a transfer was not sufficient to give such holder of the coupon a right of action under this guaranty, which was simply to pay to the bondholder the principal due upon the bond, and interest thereon, as the same should become due and payable.

The other questions presented upon this appeal have been determined by us in the case of *Dougan* v. *Evansville & Terre Haute R. R. Co.* (15 App. Div. 483), and do not require any further consideration in this case; but, for the reasons above stated, we think the demurrer should have been sustained.

Judgment is, therefore, ordered for the defendant, with costs, with leave to the plaintiff to amend his complaint within twenty days after the service of such judgment, upon payment of costs.

VAN BRUNT, P. J., and PARKER, J., concurred; O'BRIEN and WILLIAMS, JJ., dissented.

O'BRIEN, J. (dissenting):

The plaintiff alleges that he is the owner and holder of coupons "upon eleven bonds of the Evansville and Richmond Railroad Company," which company, "in and by each of said coupons, promised and agreed to pay to the bearer thereof the sum of twenty-five dollars in gold coin." The guaranty given by the defendant reads: "For a valuable consideration * * * the Evansville and Terre Haute Railroad Company hereby guarantees to the holder of the

within bond the punctual payment of the principal and interest thereof when and as the same shall become due and payable."

That by this wording the guaranty is exclusively a contract with the holder of the bond, and not with the holder of any of the coupons separated from the bond, I cannot assent to. As said in *The City of Kenosha* v. *Lamson* (9 Wall. 484) : " The coupon is simply a mode agreed on between the parties for the convenience of the holder in collecting the interest as it becomes due. Their great convenience and use in the interests of business and commerce should commend them to the most favorable view of the court ; but, even without this consideration, looking at their terms and in connection with the bond, of which they are a part, and which is referred to on their face, in our judgment it would be a departure from the purpose for which they were issued, and from the intent of the parties, to hold, when they are cut off from the bond for collection, that the nature and character of the security changes, and becomes a simple contract debt, instead of partaking of the nature of the higher security of the bond, which exists for the same indebtedness." This case is commented upon and explained in *Clark* v. *Iowa City* (20 Wall. 583), wherein we find in the opinion this statement : " Coupons, when severed from the bonds to which they were originally attached, are in legal effect equivalent to separate bonds for the different installments of interest. The like action may be brought upon each of them, when they respectively become due, as upon the bond itself when the principal matures, and to each action — to that upon the bond and to each of those upon the coupons — the same limitation must upon principle apply." So I think, considering the language used, the intent of the parties, and the fair inference to be drawn from the allegations of the complaint, that the interest guaranteed on such bonds was known to be, and was in fact, represented by coupons ; and that, recognizing what was said in the opinion just quoted, that coupons when thus severed from the bonds " are in legal effect equivalent to separate bonds for the different installments of interest," the intent and purpose was to extend to the holder of the bonds and to the holder of the coupons, whether they were the same or different persons, the benefit of the guaranty.

Unless, as is fairly to be inferred, the parties intended the guaranty

to be to the holder of the bonds and the holder of the coupons, irrespective of whether they were held by the same or different persons, we would have the anomaly that in one case the coupons were guaranteed, in the other not. If then the guaranty, which it is conceded attached to the coupons when held by the holder of the bond, should not be extended to the coupons in the hands of a third person, the value of such coupons for negotiable purposes, though they represent the interest guaranteed, and are payable to bearer and transferable by delivery, would be materially lessened.

A coupon, though an independent instrument in the sense that suit may be brought upon it without the production of the bond, is still a part of the bond, and the fair inference from the wording that the defendant " guarantees to the holder of the within bond the punctual payment of the principal and interest " is that it includes whoever holds that which is representative of the interest as well as that which represents the principal. If there was any intention that the guaranty should not extend to the coupons when severed from the bonds and in the hands of a third party, there is nothing in the language employed to show any such intention, nor is it fairly inferable from the language of the guaranty.

Concluding as I do that the coupons, though in the hands of a person other than the holder of the bonds to which they were originally attached, are within the terms of defendant's guaranty and undertaking, I dissent.

WILLIAMS, J., concurred.

Judgment ordered for defendant, with costs, with leave to plaintiff to amend complaint within twenty days on payment of costs.