### KLEIN v. EAST RIVER ELECTRIC LIGHT CO. et al.

(Supreme Court, Appellate Term. January 2, 1901.)

INTEREST—COUPONS ON BONDS—COMPOUND—RECOVERY—PROOF.

    Where plaintiff, who was the holder of interest coupons of bonds, did
not show whether or not he was the owner of the bonds to which the
coupons were originally attached, the time when they were detached,
nor whether he became the owner before or after detachment, he cannot
recover interest on such coupons from the time they became due until
the time of suit on them, since, so long as they are held by the owner
of the bonds, and until they become separate and independent instru-
ments, interest follows the principal, and cannot be compounded.

Appeal from city court of New York, general term.

Action by Frederick Klein against the East River Electric Light
Company and the Manhattan Electric Company. From a judgment
of the general term (66 N. Y. Supp. 472) affirming a judgment in
favor of plaintiff, defendants appeal. Reversed.

Argued before TRUAX, P. J., and SCOTT and DUGRO, JJ.

Beardsley & Hemmens, for appellants.
Dittenhoefer, Gerber & James, for respondent.

PER CURIAM. The plaintiff sues as the owner of five interest
coupons formerly attached to bonds issued by the East River Electric
Light Company. These coupons, for $30 each, are upon their face pay-
able at the office of the treasurer of the company, in the city of New
York, on the 1st day of September, 1888. The defendant the Man-
hattan Electric Company, as the successor of the East River Electric
Light Company, admits its liability, and at some time before the
trial made an offer of judgment for the face of the bonds, with costs,
to the date of the offer. It does not appear whether or not the
plaintiff is the owner of the bonds to which the coupons were orig-
inally attached; nor does it appear when the coupons were detached
from said bonds, nor whether they came into plaintiff's ownership
before or after such detachment. The sole question litigated be-
tween the parties was as to the liability of the defendants for inter-
est upon the amount represented by the coupons from the due date
to the date of trial. The question of the liability of an obligor to pay
interest upon past-due coupons has been much discussed. It would
be profitless to follow the discussion in the federal courts and the
courts of sister states. In our own courts the question has been

apparently well settled. It arose in Williamsburgh Sav. Bank v. Town of Salon, 136 N. Y. 465, 481, 32 N. E. 1058, and the court said:

"Interest, as a rule, follows the principal, without becoming principal, and cannot be compounded by force merely of the contract; but that general rule has been modified somewhat by an exception growing out of the character and purpose of interest coupons. They may become separate and independent instruments. When they do, the exception is for the first time needed, and for the first time applies. Until they do, the promise is merely to pay interest, and is governed by the usual rule. They do not become separate and independent instruments until they are utilized as such. Before that occurs, and while they remain in the hands of the holder of the bonds, the occasion for the exception has not arisen, and the exception does not apply."

In Clokey v. Railroad Co., 16 App. Div. 304, 44 N. Y. Supp. 631, the appellate division, in this department, pointed out the distinction which has been established as to the liability of the obligor upon interest coupons remaining on the bonds, and when detached therefrom and transferred to a person other than the owner of the bonds, saying:

"When such coupons are held by the owner of the bond, they remain simply vouchers for the payment of the interest, by which such interest can be collected without the presentation of the bond itself. It is quite clear that they acquire in the hands of the owner of the bond no independent character, and impose upon the obligor no other or further liability than that imposed by the bond itself, and by which the obligor agrees to pay the holder of the bond a sum of money on a particular day, as interest upon the amount of the bond."

It will be noticed that the court of appeals lays down as to interest coupons the rule that interest follows the principal, and cannot be compounded unless there are circumstances which create an exception to the general rule. In order to avail himself of such an exception, it is incumbent upon the plaintiff to plead and prove the circumstances which entitle him to avail himself of the exception. The plaintiff here has done neither, and consequently the judgment in his favor, so far as it allows interest upon the sums represented by the coupons, is unauthorized.

Judgment reversed and new trial granted, with costs to appellants to abide the event.