Harry Zalkin, Plaintiff, *v.* Sunshine Sales Corporation and
Others, Defendants.*

Supreme Court, Kings County, August 29, 1928.

——— ———, for the plaintiff.

——— ———, for the defendants.

Johnston, J.   Plaintiff has made five separate motions, in five fore-closure actions, to strike out two separate defenses contained in the answers of certain individual defendants.   The amended complaints are identical, except that they affect different parcels.   The answers are also identical.   Plaintiff seeks to hold these defendants liable for any deficiency on the foreclosure by reason of a collateral bond for

* Revd., 224 App. Div. 475.

$65,000, executed by them with the object of securing payment to the mortgagee of the principal and interest of ten bonds and mortgages, each for $6,500, on May 7, 1929.

The first defense in substance is that liability under the bond will not mature until May 7, 1929. The second defense is that plaintiff, having obtained judgment in a prior action for the deficiency resulting from the foreclosure of one of the ten mortgages, has by splitting the entire liability on the collateral bond become barred of any other right of action thereon. The two defenses appear to be, and perhaps are, inconsistent, but " a defendant may set up inconsistent defenses in an answer, and rely upon whichever of such defenses he may be able to establish." (*Carter, Macy Co., Inc.*, v. *Matthews*, 220 App. Div. 679, 690.)

The validity of the first defense is dependent upon whether an acceleration clause in each of the ten bonds and mortgages is carried into the collateral bond. The collateral bond reads: " The condition of this obligation is such that, if the said Jarvis Lane Gardens, Inc., its successors or assigns, shall well and truly pay or cause to be paid to the said Harry Zalkin, his personal representatives or assigns, the just and lawful sum of sixty-five thousand dollars ($65,000) on the 7th day of May, 1929, with interest thereon at and after the rate of six per cent (6%) per annum to be paid on the 7th day of November next ensuing the date hereof, and semiannually thereatfer, until the aforesaid sum of sixty-five thousand dollars ($65,000) shall be paid (this instrument being collateral to the said bonds and mortgages hereinbefore recited), then the above obligation to be void, otherwise to remain in full force and virtue."

In *Dougan* v. *Evansville & Terre Haute Railroad Co.* (15 App. Div. 483), upon which plaintiff relies, there were two series of bonds. In the second series the defendant guaranteed " the punctual payment of the principal and interest thereof, when and as the same shall become due and payable." The court said: " The defendant having guaranteed the payment of the principal and interest thereof when the same shall become due and payable, and the principal having become due and payable according to the bond itself, the defendant was liable."

In view of the explicit provision in " the bond itself," it is difficult to understand how that case can be urged as controlling in the instant case, when it must be conceded that the bond here does not contain any such provision in its condition, but merely recites in parentheses " (this instrument being collateral to the said bonds and mortgages hereinbefore recited)." The *Dougan* case is in fact an authority against plaintiff's contention, because in the first series of bonds, although the guaranty read " guarantees the payment of the

principal and interest mentioned in the within bond according to the tenor and effect thereof," the court held there was no obligation to pay the principal, which could be enforced by a judgment against the obligor, until the time when the amount is payable by virtue of the bond itself.

Plaintiff urges that the collateral bond and the original bonds and mortgages must be considered together. This is undoubtedly the rule when the collateral bond is given to insure the performance of the original contract. There is another rule that, " unless the liability of a guarantor be expressly limited, it may be considered as coextensive with that of his principal." (*Compagnie Generale* v. *Herzig & Sons Co.*, 89 Misc. 573; *Winchell* v. *Doty*, 15 Hun, 1.) That the defendants limited their liability is clear. Each mortgage contained a provision that the " whole of said principal shall become due after default in the payment of any installment of principal or interest." This was no part of the obligation in the collateral bond, where the obligors merely agreed to pay $65,000 on May 7, 1929, with interest at six per cent. By the terms of the bond in the instant case the rule applied by Mr. Justice CALLAGHAN in *Burston* v. *Lake* (133 Misc. 408) is applicable: " The agreement sued upon, being a separate, original, and independent obligation, must be interpreted and enforced according to its terms. It does not specify that the principal sum shall become due on the default in payment of any installment. The defendant undertook to pay the principal sum of the mortgage, but only as to installments due and unpaid. The agreement can only be enforced according to its terms."

If plaintiff is correct in his contention that the acceleration clause in the mortgage is carried into the collateral bond, the total amount of the collateral bond ($65,000) became due and he had no right under settled principles of law to bring suit for less than the whole, except under pain of having it held that he split his cause of action, and, therefore, was estopped from subsequent suits for the remaining parts of it.

The motion to strike out the first and second defenses is denied.